WILLIAM ALLBRIGHT, PETITIONER-RESPONDENT, v. STANDARD ROOFING COMPANY AND JOSEPH HELLER, DEFENDANTS-PROSECUTORS.

Argued January 20, 1932—Decided May 6, 1932.

Before Justices TRENCHARD and DONGES.

For the petitioner-respondent, *Philip Dean Cohen* (*Frank Cohen,* of counsel).

For the defendants-prosecutors in *certiorari, Nathaniel Weltchek.*

PER CURIAM.

A petition for compensation was filed with the workmen's compensation bureau by William Allbright against Standard Roofing Company, and the trial before the deputy compensation commissioner resulted in a determination and judgment in favor of the petitioner. The matter was appealed to the Union County Court of Common Pleas and there the judgment below was affirmed, and the appeal dismissed. Thereupon the petitioner entered his judgment in the latter court against Joseph Heller, trading as Standard Roofing

Company. Objection was made to the entry in this matter and a motion was made to vacate the judgment against Joseph Heller, and a counter-motion was made by the petitioner to be permitted to amend all pleadings *nunc pro tunc* so as to conform to the judgment as entered. The petitioner's motion was granted and we think rightly. It was justified under section 126 of the Practice act of 1903 in the circumstances of the present case. The original answer filed in the workmen's compensation proceeding was signed "Standard Roofing Company by Joseph Heller Respondent." The affidavit attached thereto was sworn to by "Joseph Heller Respondent," and states that "Joseph Heller, of full age, being duly sworn according to law, on his oath deposes and says: That he is the respondent named in the foregoing answer to claim petition; that he has read the same and is familiar with the contents thereof; and that the matters and things therein set forth are true according to the best of his knowledge and belief." That affidavit was sworn to before a master in chancery who was at the time the attorney for the prosecutor of this writ. In view of Joseph Heller's sworn statement that he was the respondent in the workmen's compensation proceeding, the court below was entitled to assume, and did assume, that the Standard Roofing Company and Joseph Heller were identical. There was and is no contention that Standard Roofing Company is a corporation, nor was anything offered in the court below to dispute the claim that Standard Roofing Company was merely the trade name of Joseph Heller and that the latter is the real party in interest.

In view of these facts the amendment of the pleadings was properly allowed to the extent of completely naming the respondent as Joseph Heller, trading as Standard Roofing Company, and such order of the court below will be affirmed, with costs.